IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02760-MSK

GYPSUM STORAGE DEVELOPMENT, LLC,

       Plaintiff,

v.

W. REED EDGEL & ASSOCS., INC.,
HINDERER BROTHERS, INC.,
W. REED EDGEL, and
DARYL HINDERER,

       Defendants, and

EMPLOYERS MUTUAL CASUALTY CO.,

       Garnishee.

_____

## ORDER REMANDING ACTION
_____

       **THIS MATTER** comes before the Court *sua sponte*.

       This matter involves a Writ of Garnishment, issued by Plaintiff/Judgment Debtor Gypsum Storage Development, LLC ("Gypsum"), to Garnishee Employers Mutual Casualty Co. ("EMCC"). Gypsum apparently holds a judgment against Defendant W. Reed Edgel & Assocs., Inc. ("Associates"), issued by the Colorado District Court for Eagle County, in the amount of approximately $ 977,000 and believes that EMCC holds some non-exempt property of Associates. Gypsum filed the Writ of Garnishment in the District Court of Eagle County, and EMCC removed **(# 1)** the action to this Court, citing federal subject-matter jurisdiction arising out of diversity of citizenship under 28 U.S.C § 1332.

The Court assumes, without necessarily finding, that a Writ of Garnishment issued to a third-party insurer[1] of the judgment debtor constitutes an independent "civil action" removable under 28 U.S.C. § 1441(a).  *See Butler v. Polk*, 592 F.2d 1293, 1295-96 (5th Cir. 1979) (finding garnishment proceeding against third-party garnishee removable, but noting "the question is not entirely free from doubt"); *but see Boston v. Titan Indem. Co.*, 34 F.Supp.2d 419, 422-23 (N.D.Miss. 1999) (finding that garnishment writ directed at non-diverse judgment creditor's diverse insurer constituted "direct action" against insurer, rendering such action non-diverse under § 1332(c)(1)).

A party asserting federal subject-matter jurisdiction premised on diversity must plead sufficient facts to demonstrate that the requirements of § 1332 are met.  *See e.g. McBride v. Doe*, 71 Fed.Appx. 788, 789-90 (10th Cir. 2003) (unpublished).  That is, the party invoking federal jurisdiction must demonstrate that the opposing sides of the litigation are of completely diverse citizenship and that the amount in controversy exceeds $ 75,000.  28 U.S.C. § 1332(a)(1).  To be party seeking removal must point to specific facts supporting this assertion, either on the face of the initial pleading or on the Notice of Removal.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (conclusory assertions insufficient to plead specific facts).  Here, EMCC has failed to adequately plead both complete diversity of citizenship and the requisite amount in controversy.

With regard to citizenship, the Court again assumes, without necessarily finding, that it is appropriate to realign the parties in this garnishment proceeding, placing Gypsum and each of

---

[1] The Notice of Removal does not clearly identify the basis upon which EMCC is purported to hold property belonging to Associates.  The Court infers, from EMCC's business name, that it is alleged to be one of Associates' insurers.

the judgment debtors on one side of the action, united in interest, with EMCC on the opposing side. *See e.g. Davis v. Carey*, 149 F.Supp.2d 593, 596 (S.D.Ind. 2001).  This, alleges EMCC, results in the "Plaintiffs and Defendants [being] business entities or citizens of either Colorado, Utah, or North Dakota," – the uncertainty resulting from "the caption of the Colorado state court case indicat[ing] that Hinderer Brothers, Inc. ["HB"] is a Colorado corporation" but that the Colorado Secretary of State reports that Hinderer Brothers is "a foreign corporation based in North Dakota with a registered agent in Durango, Colorado" – while EMCC "is an Iowa corporation."  The assertion regarding the citizenship of the Plaintiff – Gypsum – and the Defendants – Associates, HB, and Mr. Hinderer and Mr. Edgel – is insufficient.  Beyond the text quoted above, purporting to identify the citizenship of HB, nothing in the Notice of Removal itself purports to specifically identify the citizenship of any of the Plaintiff/Defendants.

      The caption[2] of the case describes Gypsum as a "limited liability company."  For purposes of asserting the citizenship of such an entity, the party claiming federal jurisdiction must specifically identify the state of citizenship of each member of that company.  *See e.g. Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F.Supp.2d 1245, 1248 (D. Kan. 2001).  EMCC has failed to identify Gypsum's members or their states of citizenship, and thus, has failed to adequately allege the citizenship of Gypsum for purposes of § 1332(a)(1).

      The Notice of Removal provides no identification of the corporate structure or citizenship of Associates.   The caption identifies Associates as "a Utah corporation," but gives no indication as to Associates' principal place of business.  In any event, as noted above,

---

[2] The caption of a case is not determinative as to the identity or citizenship of the parties to an action.  Wright, Miller *et al.*, <u>Federal Practice and Procedure</u>, Civil 2d, § 1321.

identifications of citizenship found solely in the caption of a case are not dispositive.

The text quoted above indicates some ambiguity as to the citizenship of HB, but even taking all of EMCC's alternative contentions as true, EMCC has still failed to fully identify HB's citizenship. A corporation is a citizen of two jurisdictions – its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Assuming that HB is indeed incorporated, EMCC's allegations establish that it is either: (i) a Colorado corporation whose principal place of business is unknown; or (ii) a "foreign [to Colorado] corporation" that is "based in" North Dakota, but the ambiguous term "based in" might arguably refer only to the corporation's state of incorporation or the location of its principal place of business (or neither). Thus, EMCC has also failed to adequately identify HB's citizenship.

The Notice of Removal (and underlying pleadings) give no hint as to the citizenship of Mr. Hinderer and Mr. Edgel. The caption identifies them as being citizens of Colorado and Utah respectively, but, as noted above, citizenship identification found solely in the caption of a case is not dispositive.

In addition, EMCC has failed to adequately allege its own citizenship. It states only that it is "an Iowa corporation." It does not identify the state in which its principal place of business is found. Thus, the Court cannot say that, on the face of the Notice of Removal, EMCC has adequately demonstrated that there is complete diversity among the parties. For this reason alone, the Court would find that it lacks subject-matter jurisdiction over this action, requiring remand. 28 U.S.C. § 1447(c).

The Court also finds that EMCC has failed to adequately allege facts showing that the amount in controversy exceeds $ 75,000. EMCC alleges that the full amount of Gypsum's

judgment against the Defendants is in excess of $ 977,000, but the judgment amount is not necessarily the amount that is in controversy in this garnishment proceeding. By definition, the amount in controversy in a garnishment proceeding is limited to the amount of non-exempt property of the debtor that the garnishee possesses – if EMCC only holds, say, $ 25 of Associates' property, the amount in controversy in the garnishment proceeding is only $ 25, not $977,000. The Notice of Removal does not identify the amount of Associates' property (if any) that EMCC purports to hold.[3]  As a result, EMCC has failed to allege facts showing that the amount in controversy in this case exceeds the jurisdictional threshold. This is an additional basis for remand of the action for lack of subject-matter jurisdiction.

   Accordingly, the Court finds that it lacks subject-matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the action is remanded to the Colorado District Court for Eagle County. The Clerk of the Court shall transmit the entire case file to the Court Clerk for Eagle County and shall close this case.

   Dated this 15th day of November, 2010

                       **BY THE COURT:**

                       */s/ Marcia S. Krieger*
                       _____

                       Marcia S. Krieger
                       United States District Judge

---

[3] EMCC has attached the Writ of Garnishment served upon it, but not its answer to that writ. The writ in the record does include spaces where someone – presumably EMCC – began to answer the writ, admitting that it holds unspecified property of Associates and that it claims a setoff against the judgment, but no details are provided and the answer is not signed or otherwise completed.